FILED
04/18/2019
Shirley Faust
CLERK
Missoula County District Court
STATE OF MONTANA
By: Emily Bate
DV-32-2019-0000389-GF
Larson, John W
1.00

Gary M. Zadick
UGRIN ALEXANDER ZADICK, P.C.
#2 Railroad Square, Suite B
P.O. Box 1746
Great Falls, MT 59403
Telephone: (406) 771-0007
Facsimile: (406) 452-9360
Email: gmz@uazh.com

*Attorneys for Plaintiffs*

## MONTANA FOURTH JUDICIAL DISTRICT COURT, MISSOULA COUNTY

| | |
|---|---|
| BOZEMAN DEACONESS HEALTH SERVICES, INTERCITY RADIOLOGY P.C. and DEACONESS INTERCITY IMAGING LLC dba ADVANCED MEDICAL IMAGING,<br><br>Plaintiffs,<br><br>-vs-<br><br>FEDERAL INSURANCE COMPANY, ACE AMERICAN INSURANCE COMPANY, and CHUBB SERVICES CORPORATION,<br><br>Defendants. | Cause No.<br><br>**COMPLAINT AND JURY DEMAND** |

COME NOW Plaintiffs Bozeman Deaconess Health Services, Intercity Radiology P.C. and Deaconess Intercity Imaging LLC dba Advanced Medical Imaging and allege as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Bozeman Deaconess Health Services is a Montana non-profit public benefit corporation operating as a community hospital in Gallatin County, Bozeman, Montana.

1


EXHIBIT A

2. Plaintiff Intercity Radiology P.C. is a Montana corporation with its principal place of business in Bozeman, Montana.

3. Plaintiff Bozeman Deaconess Intercity Imaging LLC dba Advanced Medical Imaging (hereinafter "AMI") was formed by Plaintiffs Bozeman Deaconess Health Services and Intercity Radiology P.C. to provide imaging services in Bozeman, Montana.

4. On information and belief, Defendant Federal Insurance Company is a property and casualty insurance company in the CHUBB Group of Insurance Companies, with its principal place of business in Warren, New Jersey, and doing business in the State of Montana.

5. On information and belief, Defendant ACE American Insurance Company is a fire and casualty insurer within the CHUBB Group of Insurance Companies, with its principal place of business in Philadelphia, Pennsylvania, and doing business in the State of Montana.

6. On information and belief, Defendant CHUBB Services Corporation is an Illinois for-profit corporation with its principal place of business in Philadelphia, Pennsylvania; doing business in the State of Montana; and with a registered agent for service of process in Missoula, Missoula County, Montana.

7. On information and belief, one or more of the Defendants are insurers within the meaning of Montana Code Annotated § 33-18-242 and subject are to the Montana Insurance Code, Mont. Code Ann. § 33-18-101 et seq., including Mont. Code Ann. § 33-18-201.

8. Pursuant to Montana's Long Arm Rule, Mont. R. Civ. P. 4(b), and the Due Process Clause of the U.S. Constitution, this Court has personal jurisdiction over Defendants including because the claims asserted herein arise out of Defendants' activities within the state and involve insured risks in the State of Montana.

9. This Court has subject matter jurisdiction over this matter. Venue is proper in this county pursuant to § 25-2-122 M.C.A.

## ALLEGATIONS COMMON TO ALL COUNTS

10. Plaintiff Bozeman Deaconess Health Services purchased primary insurance coverage from Defendant Federal Insurance Company under policy no. 8242-7230 and excess coverage from Defendant ACE American Insurance Company under policy no. DOX G25565174 001.

11. Plaintiff Intercity Radiology also purchased primary insurance coverage from Defendant Federal Insurance Company under policy no. 8225-0216.

12. In early 2016, Plaintiffs submitted claims for coverage under the policies issued to them by Defendants Federal Insurance Company and ACE American Insurance Company.

13. Defendant CHUBB Services Corporation is a third-party claim administrator and with respect to the matters at issue herein acted as the agent of or representative of Federal Insurance Company and ACE American Insurance Company with respect to claims submitted by Plaintiffs.

14. CHUBB, on behalf of Defendant insurers, acknowledged receipt of the claim from Plaintiff Bozeman Deaconess by letter of May 20, 2016, and addressed

coverage only under the primary policy issued by Federal Insurance Company and only under one portion of the primary policy.

15. CHUBB, on behalf of Defendant Federal Insurance Company, acknowledged receipt of the claim from Plaintiff Intercity Radiology by letter dated May 10, 2016.

16. CHUBB, on behalf of the Defendant Federal Insurance Company, further advised Plaintiffs in subsequent correspondence that there was limited coverage under the primary policy for defense costs only for Bozeman Deaconess Health Services and AMI, which CHUBB further advised was also considered by CHUBB to be an insured under its policies as a subsidiary of Bozeman Deaconess Health Services.

17. CHUBB also advised Intercity Radiology that its coverage was similarly limited to defense costs only under its policy.

18. CHUBB further advised Plaintiffs that the defense only coverage was further limited by a $1 Million dollar retention, 50% co-insurance and a limit of $1 Million dollars.

19. CHUBB did not address any other policy provision or additional coverages contained in the policies issued to the Plaintiffs.

20. CHUBB subsequently attempted to limit its coverage for the Plaintiffs to only one part of their policies which provided defense-only coverage on a limited basis and did not address any other policy provision or additional coverages contained in the policies.

4

21. No other coverages were ever addressed by CHUBB to its insureds, the Plaintiffs above, under the primary policies or under the excess policy for which the Plaintiffs paid premiums for other coverages and protection.

22. The claims against Plaintiffs evolved into litigation entitled *United States of America Ex Rel. Frank M. Rembert et. al*, Cause No. CV 15-80-BU-SEH.

23. By letter dated May 2, 2018, to Bozeman Deaconess Health Services, Defendants again acknowledged receipt of the claim and specifically referenced the excess policy purchased by Bozeman Deaconess Health Services, which had not been previously addressed by Defendants.

24. Defendants never addressed, discussed or reserved rights under any of the other coverages sold to Plaintiffs under both primary policies and the excess policy, except for the limited, defense only coverage.

25. By letter of July 23, 2018, Defendants wrongfully denied any further defense or indemnity coverage under both policies purchased by Bozeman Deaconess Health Services.

26. Defendants have not further advised Intercity Radiology regarding coverage, defense and indemnification subsequent to the letter of August 2, 2017, by which Defendants acknowledged receipt of the claim.

27. The limited defense provided the Plaintiffs was withdrawn by Defendants on the basis that the defense obligation ceased when the limited, defense only coverage extended by Defendants was exhausted.

28. No further defense nor indemnity has been provided to Plaintiffs under any of the other coverages purchased by Plaintiffs in the policies.

29. Defendants have refused to reconsider coverage under any other portion of the policies and also refused to participate in mediation, advising by email dated September 20, 2018 that: "The matter is still under review. Therefore, proceed as a prudent uninsured."

30. There has been no further communication or response from Defendants since the email of September 20, 2018.

31. Plaintiffs' claims for insurance coverage have been wrongfully handled in violation of the Montana Uniform Trade Practices Act and wrongfully denied.

32. Defendants are in breach of their obligations under the insurance contracts and under Montana law.

33. Defendants are estopped from denying coverage due to their breach of the duty to defend, breach of their duty to indemnify, their abandonment of their insured and by their breach of their statutory duties under Montana law.

## COUNTS

### COUNT ONE—Declaratory Relief

34. Plaintiffs hereby incorporate all other paragraphs of this complaint as though fully set forth herein.

35. Disputes currently exist between Plaintiffs and Defendants concerning Plaintiffs' rights to defense and indemnity coverage under the primary and excess policies issued to Plaintiff.

36. A current controversy exists between the parties, regarding the proper interpretation and application of the policies and Plaintiffs request that this Court enter judgment determining that Plaintiffs are entitled to a defense and indemnity in connection with the subject claims, with attorney fees and interest on all benefits due and owing from the date they originally became entitled to payment.

37. By reason of the foregoing, a justiciable controversy exists as contemplated by Mont. Code Ann. § 27-8-101, et seq.

38. Pursuant thereto, Plaintiffs seek declaratory relief from the Court establishing its entitlement to coverage under the policies.

39. Additionally, Plaintiffs request the Court enter an award of reasonable attorney fees and costs as authorized by Mont. Code Ann. § 27-8-313 and Montana common law.

## COUNT TWO—Breach of Contract

40. Plaintiffs hereby incorporate all other paragraphs of this Complaint as though fully set forth herein.

41. Defendant insurers have breached and are in breach of obligations owed to Plaintiff under the subject insurance policies.

42. Defendants' breaches of duties owed under the policies have caused damages to Plaintiffs for which they are entitled to be compensated herein.

## COUNT THREE—Bad Faith Violation of the Montana Unfair Trade Practices Act and the Implied Covenant of Good Faith and Fair Dealing

43. Plaintiffs hereby incorporate all other paragraphs of this Complaint as though fully set forth herein.

44. Defendants violated the statutory duties of insurers under the Montana Unfair Trade Practices Act which: 1) prohibit an insurer and its representatives from misrepresenting policy provisions relating to coverages; 2) prohibit an insurer and its representatives from refusing to pay claims without conducting a reasonable investigation based upon all available information; and, 3) require an insurer and its representatives to affirm or deny coverage within a reasonable time.

45. Defendants' conduct violated statutory duties and duties of good faith and fair dealing owed by insurers to their insureds under Montana law.

46. The wrongful conduct of the Defendants, including their failure to properly and timely acknowledge coverage, by misrepresenting the coverages available under their policies, by withdrawing from the defense and by refusing to fully defend and indemnify its insured, to whom it owes a fiduciary duty, has caused damages to Plaintiffs for which they are entitled to be compensated herein.

## Punitive Damages

47. Plaintiffs hereby incorporate all other paragraphs of this Complaint as though fully set forth herein.

48. Defendants acted with utter and complete disregard for the rights and interests of its insureds.

49. Defendants consistently placed their own selfish interests ahead of Plaintiffs' interests.

50.     Defendants have acted with actual fraud or actual malice. Defendants knew or had reason to know facts that would have led reasonable insurers to realize that their conduct, acts and omissions were likely to cause injury to Plaintiffs.

51.     Defendants had knowledge of facts or intentionally disregarded facts that created a high probability of injury and deliberately proceeded to act with indifference to or with conscious disregard of the high probability of injury to Plaintiffs by their conduct in contravention of its duties owed under the policies and Montana law.

52.     Defendants' conduct was so malicious, willful, and egregious as to justify an award of punitive or exemplary damages to punish Defendants and to serve as an example to other similarly situated entities that conduct of the kind engaged in by Defendants is unacceptable in society and will not be tolerated.

53.     Defendants should be required to pay punitive damages in an amount sufficient to deter such conduct by this Defendant and others similarly situated.

WHEREFORE, Plaintiffs pray for the following relief:

1. For a declaration of Defendants' obligations and Plaintiffs' rights under the subject insurance policies.
2. For an order directing and compelling Defendants to specifically perform their contractual obligations, including payment of Plaintiffs' claims.
3. For all past and future general and special damages to be determined at trial as a result of Defendants' breaches of contract, violations of statute, and bad faith violations of the implied-in-law duties of good faith and fair dealing, as well as interest on defense costs incurred and paid by Plaintiffs

9

and on the settlement paid by Plaintiffs from and after the date of each of such payments.

4. For an award of damages caused by Defendants' unfair and deceptive practices in violation of Mont. Code Ann. §§ 33-18-201 and -242.

5. For punitive damages sufficient to punish and serve as an example that conduct of the kind engaged in by Defendants is unacceptable and will not be tolerated.

6. For attorney fees, expenses, and costs incurred in this action, as permitted by common law, statute, or the parties' agreements.

7. For interest on all said sums as allowed by Montana law, including prejudgment interest.

8. For such other and further relief as permitted by law or deemed just and equitable by the Court.

DATED this 19th day of April, 2019.

UGRIN ALEXANDER ZADICK, P.C.

By: /s/Gary M. Zadick
Gary M. Zadick
#2 Railroad Square, Suite B
P.O. Box 1746
Great Falls, Montana 59403
*Attorneys for Plaintiffs*

10

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

DATED this 19th day of April, 2019.

                UGRIN ALEXANDER ZADICK, P.C.

                By: /s/Gary M. Zadick
                      Gary M. Zadick
                      #2 Railroad Square, Suite B
                      P.O. Box 1746
                      Great Falls, Montana 59403
                      *Attorneys for Plaintiffs*