IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BOZEMAN DEACONESS HEALTH SERVICES, INTERCITY RADIOLOGY P.C., and DEACONESS INTERCITY IMAGING LLC dba ADVANCED MEDICAL IMAGING,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY, ACE AMERICAN INSURANCE COMPANY, and CHUBB SERVICES CORPORATION,<br><br>Defendants. | CV 19–87–M–DLC<br><br>ORDER |

Upon stipulation of the parties, and good cause shown, this Court enters the following Protective Order, to govern the discovery and protection of confidential proprietary information, copyrighted and/or commercial information, which may be and has been subject to discovery in this action:

1. This Protective Order governs the access to, use, and distribution of information designated as "Confidential" in this litigation. For purposes of this Protective Order, "information" or "materials" includes documents, things, pleadings, discovery responses, deposition testimony, and all other discovery

1

materials.

2. This Protective Order shall also govern all discovery materials and/or papers filed with the Court in this case which include or make reference to any information designed as "Confidential" by a party. This Protective Order shall also govern all information derived from such documents and all copies, excerpts, or summaries of them.

3. Information may be deemed "Confidential" if it contains trade secrets or other non-public, proprietary, or competitively sensitive research, development, financial, or commercial information, or information that, if publicly disclosed, could be used to the competitive detriment of a party or would violate the parties' respective confidentiality and/or privacy policies and/or agreements, including without limitation policies and/or agreements with employees, customers, or third parties.

4. All "Confidential" information shall be treated as confidential during and throughout the pendency of this action. Confidential information shall be used by the non-producing party solely for the purposes of this litigation and not for any other purpose. Control and distribution shall be the responsibility of the attorneys of record.

5. The parties shall not disclose information derived from such Confidential information to any person except as provided in this Protective Order.

Confidential materials and information derived from them may be inspected and disclosed by the parties only to the following persons and only for the purposes of conducting this litigation:

(a) The parties, their counsel in this lawsuit, and counsel's employees;

(b) Any person retained by counsel representing the parties to assist in the preparation of trial of this litigation, including experts and paralegals;

(c) Any employee or representative of Bozeman Deaconess Health Services, Intercity Radiology P.C., Deaconess Intercity Imaging LLC dba Advanced Medical Imaging, Federal Insurance Company, ACE American Insurance Company, and Chubb, whose deposition is taken or is to be taken in this action during the course of his or her testimony; and

(d) Deposition reporters.

6. Each person to whom disclosure of Confidential documents and information is permitted by the parties pursuant to paragraph 5 above shall be shown a copy of this Protective Order and shall execute an acknowledgment in writing that he or she has received a copy of this Protective Order and is familiar with the provisions of it, and all such persons shall:

(a) Be bound thereby;

(b) Not use any document or information for any purpose other

than in connection with the prosecution of this action;

(c) Not reveal such document or information to any person other than a person who has received a copy of this Agreement and is subject to its provisions; and

(d) On termination of his or her connection with the action, return such Confidential document or information to the counsel who identified the information as Confidential or destroy the Confidential document or information.

7. Before any party files a motion or other document with the Court that would reveal any portion of the contents of the Confidential information, such party shall provide at least ten (10) days written notice of such filing, detailing by Bates range the precise documents or information to be filed. If the party designating the documents or information as Confidential files a motion to seal some or all of the documents or information within ten (10) days of such written notice, the motion or document at issue shall not be filed pending further order of the Court.

8. The admissibility, confidentiality, and use of all Confidential information at trial shall be subject to the orders of the Court.

9. A party may invoke this Protective Order's protection by following the procedures set forth below:

4

(a) With respect to documents being produced, the copy of the document, when produced, shall bear the clear and legible designation "Confidential" on each page as to which the designating party seeks the protection of this Protective Order. To the extent a document contains some "Confidential" information and some non-confidential information, a party may designate the entire document for treatment as "Confidential" within the scope of this Protective Order.

(b) With respect to documents received, the receiving party shall identify by Bates range the documents it seeks to identify as Confidential within the documents produced to it. The receiving party shall so designate within forty five (45) days of receipt of the document(s).

(c) With respect to answers to interrogatories or requests for admissions, the specific responses containing "Confidential" information shall be clearly marked.

(d) With respect to any deposition, such treatment may be invoked by: (1) declaring the same on the record at the deposition and, thereafter, by designating the specific portions of testimony as "Confidential" within forty five (45) days of the receipt of the transcript of the deposition in which the designations are made; or (2) designating specific portions of testimony as "Confidential" and serving such designations within forty five (45) days of

receipt of the transcript of the deposition in which the designations are made. The entirety of all deposition transcripts shall be treated as "Confidential" for the forty five (45) day period following receipt of the transcript.

(e) If information deemed "Confidential" is inadvertently produced without the designation "Confidential," a party may nevertheless timely assert the confidentiality of the information upon learning of the inadvertent disclosure by providing written notice of such to all parties. The parties agree that the same protocol will apply to the inadvertent production of privileged documents and/or materials as well, and, upon receiving written notice from the designating party, all inadvertently produced privileged material will either be returned or destroyed, as instructed by the written notice.

10. In the event that any party to this litigation disagrees with the propriety of a "Confidential" designation, such party shall give the designating party or entity written notice of its disagreement. The designating party shall have twenty (20) days to seek an Order from the Court for the protection of the information as Confidential. The party designating information as "Confidential" shall bear the burden of establishing the confidential nature of the material. Any information designated as "Confidential" shall remain subject to the terms of this Protective Order unless and until otherwise provided by order of the Court.

11. In the event that a party is requested or required (by oral questions, interrogatories, requests for information or documents in legal proceedings, subpoena, civil investigative demand or other similar process or by applicable laws, rules or regulations) to disclose any information designated "Confidential," the party shall provide all other parties with prompt written notice of the request or requirement within fourteen (14) days of receipt of the same, so that the other parties may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Protective Order. If, in the absence of a protective order or other remedy or the receipt of a waiver by the other parties, the party is, upon advice of counsel, nonetheless legally compelled to disclose "Confidential" information, the party may, without risk of liability hereunder, disclose that portion of the "Confidential" information that counsel advises must be disclosed provided that timely written notice of the request or requirement has been made within fourteen (14) days of receipt of the same to the other parties.

12. Sanctions may be granted by the Court for improper use or dissemination of any information produced subject to this Protective Order. Sanctions may be imposed by the Court on its own motion or on motion by a party.

13. Within 90 days of the conclusion of this matter, each "Confidential" document, including all copies of each document and all excerpts or summaries of them, shall be either returned to the party producing or designating the document,

or, at the request of the party producing or designating the document, destroyed.

DATED this 16th day of September, 2019.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court